**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4604**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TONIA LATRICE LEWIS,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cr-00025-CMH-1)

---

Submitted:  April 30, 2018                        Decided:  May 4, 2018

---

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Joseph D. King, KING CAMPBELL PORETZ, PLLC, Alexandria, Virginia, for Appellant.  Tracy Doherty-McCormick, Acting United States Attorney, Michael Culhane Harper, Special Assistant United States Attorney, Katherine L. Wong, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tonia Latrice Lewis appeals her convictions following a bench trial for bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012), mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012), and aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A (2012). On appeal, Lewis challenges the district court's denial of her motion to suppress the fruits of the search of her residence, arguing that the warrant authorizing the search was lacking in probable cause. She also argues that the good faith exception to the exclusionary rule does not apply. Finding no reversible error, we affirm.

In cases—like the subject case—where a defendant challenges both probable cause and the applicability of the good faith exception, we may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994). Because no facts in this case are in dispute, the applicability of the good faith exception in this case is a legal conclusion, and we review the district court's ruling on this matter de novo. *United States v. DeQuasie*, 373 F.3d 509, 520 (4th Cir. 2004).

The Fourth Amendment, which protects individuals from "unreasonable searches," provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To deter police misconduct, evidence seized in violation of the Fourth Amendment generally is inadmissible at trial. *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, under the good faith exception to the warrant requirement, "evidence obtained from an invalidated search

2

warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting *United States v. Leon*, 468 U.S. 897, 926 (1984)).

Ordinarily "a warrant issued by a magistrate . . . suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). If any of these circumstances are present, evidence gathered pursuant to that warrant must be excluded. *See Andrews*, 577 F.3d at 236. In assessing whether the exception applies, our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *Leon*, 468 U.S. at 922 n.23.

Lewis does not claim that the judge who issued the warrant in her case was misled in any way or abandoned his judicial role. Rather, she contends that the affidavit supporting the warrant was so lacking in indicia of probable cause so as to render belief

3

in its existence entirely unreasonable because the affidavit failed to establish a sufficient nexus between the criminal activity alleged and her residence, the information in the affidavit was over two months old and thus stale, and the affidavit failed to provide the issuing judge with a substantial basis for determining the existence of probable cause.

In the good faith context, this court assumes there was not a substantial basis for finding probable cause and questions only whether reliance on the warrant at issue was nevertheless reasonable. *Andrews*, 577 F.3d at 236 n.1. Lack of a substantial basis for finding probable cause does not prevent application of the good faith exception. *Id.*

We also reject as without merit Lewis' arguments with respect to nexus and staleness. "The critical element in a reasonable search is . . . that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought." *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011) (internal quotation marks omitted). "[T]he nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Id.* (internal quotation marks omitted). Here, the investigation summary in the affidavit linked the criminal activity alleged—the establishment of multiple bank and credit union accounts and the transferring and movement of monies into and through those accounts by use of personally identifying information of victims who did not authorize such uses—to Lewis' residence through the use of Internet Protocol addresses issued to and a telephone number associated with that residence. Viewing the investigation summary along with other information in the affidavit regarding the investigating officer's knowledge that

4

perpetrators of financial frauds maintain and conceal records and indicia of their frauds in their residences, we conclude that the affidavit was not so lacking in indicia of probable cause as to nexus.

With respect to staleness, although the information in the affidavit established that approximately two months elapsed between the issuance of the warrant and the last day a suspect accessed one of the fraudulent bank accounts from Internet Protocol addresses issued to Lewis' residence, we conclude that this delay does not render the warrant impermissibly stale so as to preclude application of the good faith exception. This is so in light of the investigating officer's statements in the affidavit that perpetrators of financial frauds maintain records relative to their financial transactions "over the course of multiple years" and conceal those records and other evidence of such frauds in their residences. *See United States v. Richardson*, 607 F.3d 357, 370-71 (4th Cir. 2010) (holding that four-month delay between emailing of image of child pornography addressed in affidavit and issuance of warrant did not render warrant impermissibly stale where affidavit also included sworn statement that child pornographers rarely, if ever, disposed of sexually explicit materials).[*]

---

[*] Relatedly, Lewis complains as part of her nexus and staleness arguments that the investigating officer's statements in the affidavit about the record storage habits and practices of those engaging in financial frauds amount to "opinion" and "boilerplate" and "conclusory" claims that are insufficient to establish a specific connection between her residence and criminal fraud. We reject this contention because it "ignores the reasonable, commonsense inferences that an issuing [judge] is permitted to draw from the totality of the circumstances" before him in deciding whether to issue a search warrant. *Richardson*, 607 F.3d at 371.

Finally, we observe that the affidavit in this case bears many of the indicia of a strong search warrant application. Indeed, the investigating officer provided information in the affidavit regarding her background as an investigator and experience in dealing with crimes involving financial and identity fraud. Her affidavit recounts the connections between the suspected offenses and Lewis' residence and the results of and various steps taken during a multiple-month investigation. The affidavit also reflects the officer's reliance on information gleaned from a variety of sources, including the complaining victim individuals, a credit union and bank, an internet provider, and the apartment management office for Lewis' residence. Considering the totality of this information before the issuing judge, the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See Wellman*, 663 F.3d at 229.

Lewis fails to establish reversible error in the district court's denial of her motion to suppress. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6